IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>CODY BYRON TEERLINK,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:22-CR-0024-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss Count II of the Indictment.[1] For the reasons explained below, the Court will deny the Motion.

I. BACKGROUND

On March 21, 2016, Defendant pleaded guilty to a criminal charge amounting to a third-degree felony in the Third District Court of the State of Utah. In the case before the Court, the government alleges that, in March 2021, the Defendant falsely represented that he was not a convicted felon on the requisite application for obtaining a firearm and unlawfully obtained a firearm as a result. On January 26, 2022, a grand jury indicted Defendant on multiple counts, including one count of Felon in Possession of a Firearm (Count II) in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) states:

> It shall be unlawful for any person . . . who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

---

[1] Docket No. 23.

Defendant moves to dismiss Count II on the grounds that Section 922(g)(1) is an unconstitutional infringement on his Second Amendment rights in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*.[2]

## II.     ANALYSIS

In *Bruen*, the Supreme Court considered the constitutionality of a New York state law that made it a crime to possess any firearm, either inside or outside of the home, without holding the requisite license to do so. The Supreme Court found that the law violated the Second Amendment and, in so doing, dictated the standard on which courts should rely in analyzing whether a government-imposed firearm restriction violates the Second Amendment.

The *Bruen* court held that courts had erroneously interpreted the Supreme Court's decisions in *District of Columbia v. Heller*[3] and *McDonald v. City of Chicago*[4] to direct a "'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny."[5] It went on to hold that the means-end analysis was "one step too many" and is not supported by either *Heller* or *McDonald*.[6] "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."[7] To overcome the presumption, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation."[8] If the government cannot meet this burden,

---

[2] 142 S. Ct. 2111 (2022).
[3] 554 U.S. 570 (2008).
[4] 561 U.S. 742 (2010).
[5] *Bruen*, 142 S. Ct. at 2125.
[6] *Id.* at 2127.
[7] *Id.* at 2126.
[8] *Id.*

the regulation is invalid under the Second Amendment and no additional analysis need be considered by the court.

Following the issuance of *Bruen*, a significant number of courts throughout the county have considered the facial constitutionality of Section 922(g)(1).[9] In each case, the deciding

---

[9] *See, e.g., Range v. Att'y Gen. United States*, No. 21-2835, 2022 WL 16955670, at *16 (3d Cir. Nov. 16, 2022) (finding "our Nation's tradition of firearm regulation permits the disarmament of those who committed felony or felony-equivalent offenses"); *United States v. Gray*, No. 22-CR-00247-CNS, 2022 WL 16855696, at *3 (D. Colo. Nov. 10, 2022) ("The Court finds that § 922(g)(1), survives post-*Bruen*."); *United States v. Baker*, No. 2:20-CR-00301-DBB, 2022 WL 16855423, at *4 (D. Utah Nov. 10, 2022) (rejecting the constitutional challenge to Section 922(g)(1) and finding that "[a]lthough not binding on this court, federal courts nationwide appear to have uniformly rejected constitutional challenges to § 922(g)(1) in the wake of the Supreme Court's decision in *Bruen*."); *United States v. Carpenter*, No. 1:21-CR-00086-DBB, 2022 WL 16855533, at *4 (D. Utah Nov. 10, 2022) (same); *United States v. Reese*, No. 19-CR-257, 2022 WL 16796771, at *1 (W.D. Pa. Nov. 8, 2022) ("The Court therefore finds that Section 922(g) remains constitutional in light of *Heller* and *McDonald*, and *Bruen* does not alter that conclusion."); *United States v. Young,* No. 22-CR-54, 2022 WL 16829260, at *11 (W.D. Pa. Nov. 7, 2022) ("One need not look further than the dicta of the Justices in *Bruen* itself, to determine that 18 U.S.C. Section 922(g)(1) is and remains a regulation on the right to bear arms which is consistent with the Nation's historical tradition of firearm regulation.") (internal quotation marks and citation omitted); *United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037, at *3 (D. Mont. Oct. 31, 2022) ("Ultimately, because *Bruen* does not disturb the felon dispossession component of *Heller*, it does not render § 922(g)(1) unconstitutional."); *United States v. Minter*, No. 3:22-CR-135, 2022 WL 10662252, at *6 (M.D. Pa. Oct. 18, 2022) ("Where *Bruen* did not overturn, abrogate, or otherwise suggest that the longstanding prohibitions identified in *Heller*, including the prohibition of possession of firearms by felons, may no longer be lawful, this Court is bound by the Supreme Court's decision in *Heller*, its progeny, and the Third Circuit cases addressing the constitutionality of § 922(g)(1)."); *United States v. Trinidad*, Crim. No. 21-398 (SCC), 2022 WL 10067519, at *3 (D.P.R. Oct. 17, 2022) ("*Bruen* has nothing to do with prohibitions on felons possessing firearms and frames its test as merely a more explicit version of *Heller's*. And five Justices either approved of the passages in *Heller* discussing such prohibitions or noted that *Bruen* left them intact.") (citations omitted); *United States v. Ridgeway*, No. 22CR175-CAB, 2022 WL 10198823, at *2 (S.D. Cal. Oct. 17, 2022) (rejecting a constitutional challenge to Section 922(g)(1) under *Bruen*); *United States v. Carrero*, No. 2:22-CR-00030, 2022 WL 9348792, at *3 (D. Utah Oct. 14, 2022) ("As far as this court can find, every federal court that has assessed the facial constitutionality of Section 922(g)(1) in the wake of the *Bruen* decision has held that Section 922(g)(1) is constitutional on its face") (collecting cases). *But see United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2022 WL 16649175, at *3 (S.D. Miss. Oct. 27, 2022) (deferring issuing a decision regarding the constitutionality of Section 922(g)(1) and, instead, asking "the parties whether [the Court] should appoint a historian to serve as a consulting expert in this matter" noting that the court did not want "to itself cherry-pick the history.").

court upheld Section 922(g)(1) as constitutional, including the Third Circuit[10] (the only circuit court to directly address this issue) and the District of Utah.[11] This Court is not persuaded that it need part with the now overwhelming precedent finding that *Bruen* does not support a finding that Section 922(g)(1) violates the Second Amendment. For this reason and for the reasons articulated by this Court, per the Honorable Tena Campbell, in *United States v. Carrero*,[12] the Court finds that the government has met its burden in demonstrating that prohibiting an individual previously convicted of a felony from possessing a firearm is "consistent with this Nation's historical tradition of firearm regulation,"[13] and further finds that *Bruen* does not disrupt Tenth Circuit precedent upholding Section 922(g)(1) as a constitutional restriction on firearm possession under *Heller*.[14] The Court, therefore, concludes that Count II of Defendant's indictment is not an unconstitutional infringement of Defendant's Second Amendment rights and dismissal is not warranted.

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 23) is DENIED. It is further

---

[10] *Range*, 2022 WL 16955670.

[11] *Baker*, 2022 WL 16855423; *Carpenter*, 2022 WL 16855533; *Carrero*, 2022 WL 9348792.

[12] 2022 WL 9348792.

[13] *Bruen*, 142 S. Ct. at 2126.

[14] *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (citing *Heller* in support of decision that Section 922(g) does not violate the Second Amendment); *United States v. Baer*, 235 F.3d 561, 564 (10th Cir. 2000) (rejecting Second Amendment challenge to section 922(g)(1)); *See also Heller*, 554 U.S. at 626–27 ("Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.").

ORDERED that the time from the filing of the Motion to this Order is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

The Court will set this matter for a status conference by separate notice.

DATED this 21st day of November, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge