IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>CODY BYRON TEERLINK,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL<br><br>Case No. 2:22-CR-24 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment of Acquittal. Following the conclusion of the government's presentation of the evidence in its case-in-chief, on March 28, 2023, Defendant orally moved for a judgment of acquittal on all counts under Fed. R. Crim. P. 29(a). The Court denies Defendant's Motion for the reasons described herein.

I.      STANDARD

Fed. R. of Crim. P. 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In considering a sufficiency of the evidence challenge, the Court must "review the evidence and its reasonable inferences in the light most favorable to the government" and "determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt."[1] The Court must not "weigh conflicting evidence or consider witness credibility."[2]

---

[1] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[2] *Id.* (citing *United States v. Sanders*, 240 F.3d 1279, 1281 (10th Cir. 2001)).

II.  BACKGROUND

A grand jury returned a four-count indictment against Defendant on January 26, 2022,[3] charging him as follows: Count 1 charges Defendant with False Statement During Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6); Count 2 charges Defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Counts 3 and 4 charge the Defendant with False Statement During Attempted Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6).

On June 8, 2021, Defendant entered a plea of not guilty as to all four counts.[4] The Court began a jury trial to resolve the charges against Defendant on March 27, 2023. The government presented the following evidence in its case-in-chief against Defendant.

The government first solicited testimony from Jennifer Jones, a team manager and former judicial assistant at the Utah Third District Court in the District of Salt Lake. Ms. Jones testified about court documents and recordings associated with the Defendant's 2015 third-degree felony conviction. In the audio recording from Mr. Teerlink's change of plea hearing, the judge informed Mr. Teerlink that he was pleading guilty to a third-degree felony, to which Mr. Teerlink responded affirmatively. The judge stated Mr. Teerlink's level of offense as a "third-degree felony" at the start and end of the recording. The change of plea form also indicates that Mr. Teerlink pleaded guilty to a third-degree felony. Ms. Jones testified that the case docket indicated no 402 reduction[5] to the third-degree felony conviction to which Mr. Teerlink pleaded guilty in 2015.

---

[3] Docket No. 1.

[4] Docket No. 12.

[5] Utah Code § 76-3-402 (2016). Utah law allows courts to "enter a judgment of conviction for the next lower degree of offense" if the court deems it would be "unduly harsh" to record the conviction according to the offense level established by statute.

The government next called as witnesses two probation officers with Utah Adult Probation and Parole ("APP"), Gary Lynn Maddox Jr. and David Hanna. Mr. Maddox testified that he enrolled Mr. Teerlink in felony probation on October 17, 2016. In the ordinary course of his practice as a probation officer, Mr. Maddox testified that he would have talked to Mr. Teerlink about the crime for which he was convicted and sentenced to probation, and would have told Mr. Teerlink that he was on felony probation. The government entered Mr. Teerlink's Progress/Violation Report from his successful completion of probation. Mr. Hanna filled out and submitted the form at the completion of Mr. Teerlink's probation. The report does not mention a 402 reduction to Mr. Teerlink's felony conviction. Mr. Hanna testified that he refers probationers to their attorneys if they ask questions about potential reductions to the offense-level of their felony convictions.

The government introduced three ATF 4473 forms into evidence, along with scanned identification documents associated with each firearm transaction record. Scheels and Discount Guns took a scanned copy of Mr. Teerlink's state-issued identification card with the completed 4473 forms for each purchase or attempted purchase. Each of the three forms indicated that Mr. Teerlink checked the box "no" when asked if he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year. Taylor Quinn, an employee who manages the gun room at the Scheels Department store in Sandy, testified regarding the authenticity of the two ATF 4473 forms that Mr. Teerlink submitted when purchasing a firearm on March 12, 2021, and attempting to purchase a firearm on May 4, 2021, at Scheels. The government called Josh Storrs, an employee at Discount Guns and Ammo, to testify to the ATF form 4473 associated with Mr. Teerlink's denied firearm purchase on May 8, 2021. Both Mr. Quinn and Mr. Storrs testified that purchasers who check "yes" in the box indicating a prior felony conviction are automatically rejected by these dealers.

The government then questioned Stephanie Kreek, a criminal information specialist with Utah's Bureau of Criminal Identification ("BCI"), about an error that occurred during the background check of Mr. Teerlink's firearm purchase on March 12, 2021. She testified that a Scheels employee initiated a background check on Mr. Teerlink at the same time as an employee at a separate firearm dealer, Cal Ranch, initiated a background check on an unrelated purchaser. The check at the Cal Ranch dealer was for a purchaser who passed background investigation and whose firearm purchase was approved. Based on a programming glitch, the BCI computer system interpreted the check on the purchase at Cal Ranch as the check on Mr. Teerlink's purchase at Scheels. Ms. Kreek testified that Mr. Teerlink's purchase was erroneously approved due to this rare computer glitch.

Lastly, the government called as a witness Nicole Marshall Walton, a criminal information technician with BCI. Ms. Marshall Walton received a phone call from Mr. Teerlink on May 8, 2021. Mr. Teerlink called to inquire about the reason for his denied firearm purchase at Discount Guns and Ammo. Ms. Marshall Walton testified that Mr. Teerlink told her that he owned guns but did not possess them and asked if he could transfer his guns to his brother.

### III.   DISCUSSION

The Defendant is charged in Count 1 with a violation of 18 U.S.C. § 922(a)(6), False Statement During Acquisition of a Firearm. To prove the Defendant guilty of this Count, the government must prove beyond a reasonable doubt that (1) the defendant made a false statement while acquiring a firearm from a licensed dealer; (2) the defendant knew the statement was false; and (3) the statement was intended to or was likely to deceive about a material fact, *i.e.*, one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

The parties have stipulated that the Defendant had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; the Scheels retail store in

Sandy, Utah, is a "licensed dealer" (Federal Firearms Licensee) under federal law; and the Ruger Precision .338 Lapua rifle is a "firearm" under federal law. Therefore, the government needed to present evidence that the Defendant made a false statement while attempting to acquire the Ruger Precision rifle from Scheels, knew the statement was false, and intended to deceive the dealer to affect the transfer of the firearm.

The documentary and testimony evidence described above provides sufficient evidence from which a jury could conclude that Defendant knowingly made a false statement on ATF form 4473 in order to purchase a firearm from Scheels on March 12, 2021, despite being legally prohibited from doing so. The jury could reasonably conclude that Defendant made a false statement, because he was a felon at the time he applied for a firearm on March 12, 2021, but marked "no" on ATF form 4473 when asked if he had ever been convicted of a felony. The jury could reasonably conclude that Defendant knew his statement was false because Mr. Teerlink was told by a judge that his conviction was for a third-degree felony and was never formally or officially reduced to a misdemeanor. Additionally, Mr. Teerlink's probation officers testified that they would have informed him of the offense level of his conviction and would not have told Mr. Teerlink that his felony conviction had been reduced to a misdemeanor. Lastly, the jury could reasonably conclude Mr. Teerlink's statement was intended to deceive because the dealers automatically reject purchasers who mark "yes" on ATF form 4473 when asked if he had ever been convicted of a felony.

Based on the evidence presented by the government described above, the government has presented sufficient evidence to support a conviction for Count I.

The Defendant is charged in Count 2 of the Indictment with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. To prove Defendant guilty of this Count, the government must prove beyond a reasonable doubt that (1) the defendant knowingly possessed a

firearm; (2) the defendant was convicted of a felony or a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) the defendant knew he was convicted of a felony at the time he possessed a firearm; and (4) before the defendant possessed the firearm, the firearm had moved at some time from one state to another.[6]

The parties have stipulated that, at the time of the alleged crime, the Defendant had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; the Ruger Precision .338 Lapua rifle had, at some time before the allegations in this case, moved from one state to another; and the Lapua rifle is a "firearm" under federal law. Therefore, the government must have presented evidence supporting that Defendant knowingly possessed a firearm and knew he was convicted of a felony at the time he possessed it.

The above-described evidence presented by the government provides a sufficient basis by which a jury could find that Defendant knowingly possessed a firearm. Specifically, the jury could reasonably conclude that Defendant knowingly possessed the Ruger Precision rifle where the government introduced evidence of a phone call between Mr. Teerlink and Ms. Marshall Walton, in which Mr. Teerlink said that he owned guns and asked for advice on transferring his guns to his brother. The government also produced evidence that Mr. Teerlink purchased a Ruger Precision rifle from Scheels on March 12, 2021. Further, for the reasons described in the above discussion of Count 1, the government provided sufficient evidence for the jury to find that Mr. Teerlink knew he was a felon and his sentence had not been reduced by the court.

The government has presented sufficient evidence to sustain a conviction under Count II.

---

[6] *See Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

Defendant is charged in Counts 3 and 4 of the Indictment with a violation of 18 U.S.C. § 922(a)(6), False Statement During Attempted Acquisition of a Firearm. To prove the Defendant guilty of this Count, the government must prove beyond a reasonable doubt that (1) the defendant made a false statement while attempting to acquire a firearm from a licensed dealer; (2) the defendant knew the statement was false; and (3) the statement was intended to or was likely to deceive about a material fact.

The parties have stipulated that, at the time of the alleged crime, the Defendant had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; the FNH Five-Seven semi-automatic pistol and the Radikal Arms NK-1 12-gauge rifle/shotgun are "firearms" under federal law; and that Scheels and Discount Guns were "licensed dealers" (Federal Firearms Licensees) under federal law. Therefore, the government must have presented evidence that Defendant made a false statement while attempting to acquire a firearm from both dealers (Scheels and Discount Guns), knew the statement was false, and intended to deceive the dealer to affect the transfer of the firearm.

The documentary and testimony evidence described above provides sufficient evidence from which a jury could conclude that Defendant knowingly made a false statement on ATF form 4473 to attempt to purchase a firearm from Scheels on May 4, 2021, and Discount Guns and Ammo on May 8, 2021, despite being legally prohibited from doing so. The jury could reasonably conclude that Defendant made a false statement, because he was a felon at the time he applied for a firearm on May 4, 2021 and May 8, 2021, but marked "no" on ATF form 4473 when asked if he had ever been convicted of a felony. As discussed, the government produced evidence that Mr. Teerlink was aware that he had been convicted of a felony and received no formal indication that the offense level of his conviction had been reduced after his completion of probation. The jury could reasonably conclude Mr. Teerlink's statement was intended to

deceive because the dealers automatically reject purchasers who indicate they have been convicted of a felony.

The government has provided sufficient evidence to sustain a conviction under Counts 3 and 4.

The government has met its burden to present sufficient evidence of each of the allegations brought by the Indictment. Therefore, the Court denies Defendant's Motion.

## IV.   CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment of Acquittal is DENIED.

DATED this 30th day of March, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge