IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY BYRON TEERLINK,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL<br><br>Case No. 2:22-CR-24 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Renewed Motion for Judgment of Acquittal (Docket No. 71). For the reasons described herein, the Court will deny Defendant's Motion.

I. STANDARD

Under Fed. R. Crim. P. 29(c)(1), a defendant may move for a judgment of acquittal within 14 days after a guilty verdict. "If the jury has returned a guilty verdict, the court may set aside the verdict and enter a judgment of acquittal."[1]

Rule 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In considering a challenge to the sufficiency of the evidence, the Court must "review the evidence and its reasonable inferences in the light most favorable to the government" and "determine whether a reasonable jury could find

---

[1] Fed. R. Crim. P. 29(c)(2).

1

the defendant guilty beyond a reasonable doubt."[2] The Court must not "weigh conflicting evidence or consider witness credibility."[3] If the government has presented evidence that, if believed, would establish the elements of the offense, the Court "must defer to the jury's verdict."[4]

## II.     BACKGROUND

A grand jury returned a four-count indictment against Defendant on January 26, 2022,[5] resulting in the following charges: Count One, False Statement During Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6); Count Two, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Counts Three and Four, False Statement During Attempted Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6). On June 8, 2021, Defendant entered a plea of not guilty as to all four counts.[6]

The Court began a jury trial to resolve the charges against Defendant on March 27, 2023. The evidence submitted during the trial is summarized below.

The government's first witness was Jennifer Jones, a team manager and former judicial assistant for the Third Judicial District Court in Salt Lake. Ms. Jones testified to court documents and recordings associated with the Defendant's 2015 third-degree felony conviction. In the audio recording from Mr. Teerlink's change of plea hearing, the judge informed Mr. Teerlink that he was pleading guilty to a third-degree felony, to which Mr. Teerlink responded affirmatively. At the start and end of the recording, the judge stated Mr. Teerlink's level of offense as a "third-

---

[2] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[3] *Id.* (citing *United States v. Sanders*, 240 F.3d 1279, 1281 (10th Cir. 2001)).

[4] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

[5] Docket No. 1.

[6] Docket No. 12.

degree felony." The change of plea form also indicates that Mr. Teerlink pleaded guilty to a third-degree felony. Ms. Jones testified that the docket report for the case indicated no 402 reduction[7] to the third-degree felony conviction to which Mr. Teerlink pleaded guilty in 2015.

The government next called two probation officers with Utah Adult Probation and Parole ("APP"), Gary Lynn Maddox Jr. and David Hanna to testify. Mr. Maddox testified that he enrolled Mr. Teerlink in felony probation on October 17, 2016. In the ordinary course of his practice as a probation officer, Mr. Maddox testified that he would have talked to Mr. Teerlink about the crime for which he was convicted and told Mr. Teerlink that he was on felony probation. The government entered Mr. Teerlink's Progress/Violation Report from his successful completion of probation. Mr. Hanna testified that he filled out and submitted the form at the completion of Mr. Teerlink's probation. The report does not mention a 402 reduction to Mr. Teerlink's felony conviction. Mr. Hanna further testified that he refers probationers to their attorneys for questions about potential reductions to the offense-level of their felony convictions.

The government introduced and admitted three ATF 4473 forms into evidence, along with scanned identification documents associated with each firearm transaction record. Scheels and Discount Guns took a scanned copy of Mr. Teerlink's state-issued identification card with the completed 4473 forms for each purchase or attempted purchase. Each of the three forms indicated that Mr. Teerlink checked the box "no" when asked if he had ever been convicted of a felony or any other crime punishable by imprisonment for more than one year. Taylor Quinn, an employee who manages the gun room at the Scheels Department store in Sandy, testified regarding the authenticity of the ATF 4473 form that Mr. Teerlink submitted when purchasing a

---

[7] Utah Code § 76-3-402 (2016). Utah law allows courts to "enter a judgment of conviction for the next lower degree of offense" if the court deems it would be "unduly harsh" to record the conviction according to the offense level established by statute.

firearm on March 12, 2021, at Scheels. Mr. Quinn testified that purchasers who check "yes" in the box indicating a prior felony conviction are automatically rejected by these dealers.

The government then questioned Stephanie Kreek, a criminal information specialist with Utah's Bureau of Criminal Identification ("BCI"), about an error that occurred during the background check of Mr. Teerlink's firearm purchase on March 12, 2021. She testified that a Scheels employee initiated a background check on Mr. Teerlink at the same time an employee at a separate firearm dealer, Cal Ranch, initiated a background check on an unrelated purchaser. The check at the Cal Ranch dealer was for a purchaser who successfully passed background investigation and whose firearm purchase was approved. Due to a programming glitch, the BCI computer system interpreted the check on the purchase at Cal Ranch as the check on Mr. Teerlink's purchase at Scheels. Ms. Kreek testified that Mr. Teerlink's purchase was erroneously approved due to this rare computer glitch.

The government's final witness for its case in chief was Nicole Marshall Walton, a criminal information technician with BCI. Ms. Marshall Walton received a phone call from Mr. Teerlink on May 8, 2021. Mr. Teerlink called to inquire about the reason for his denied purchase at Discount Guns and Ammo. Ms. Marshall Walton testified that Mr. Teerlink told her that he owned guns but "did not possess them" and asked if he could transfer his guns to his brother.

Mr. Teerlink was the only witness called for his case in chief. He testified that he was convicted of a third-degree felony DUI in 2015, and that he knew the offense level was a felony at the time of his guilty plea. Prior to his DUI conviction, Mr. Teerlink was employed building gun ranges and operational training courses for various military contractors, and he was required to handle firearms as part of his regular employment. Mr. Teerlink testified that he wished to continue in this line of work despite his felony charge, so he sought the help of an attorney, in hopes he could reduce his charge from a felony to a misdemeanor. Defendant ultimately pleaded

guilty to the felony charge but testified that it was his understanding, based on discussions with his attorney, that if he performed well on probation his felony conviction would be reduced to a misdemeanor under Utah's 402-reduction statute. Mr. Teerlink's final probation report supported his testimony that he had no notable instances of non-compliance and earned early termination of his probation. Mr. Teerlink does not dispute that he did not take the additional steps needed after the completion of his probation to effectuate a 402 reduction. However, Defendant testified that he did not know about the additional necessary steps at the time of his firearm purchase and genuinely believed that he had done all that was required to reduce his felony to a misdemeanor.

In rebuttal, the government called Mr. Teerlink's former attorney, Charles Stewart. Mr. Stewart testified that he did not remember the Defendant personally but alleged he would have explained the 402-reduction process to Mr. Teerlink. Specifically, Mr. Stewart testified he would have told Mr. Teerlink that he needed to complete probation successfully, and then file a motion with the Utah district court to ask the judge to apply the reduction. Mr. Stewart testified that Mr. Teerlink would have been an excellent candidate for a 402 reduction based on his performance during probation.

On March 28, 2023, following the close of the government's case in chief, Defendant orally moved for a judgment of acquittal under Fed. R. Crim. P. 29(a). The Court denied Defendant's oral Motion by written order on March 30, 2023. On March 29, 2023, the jury returned a verdict of guilty as to Count One and not guilty as to the three remaining counts. On April 12, 2023, the Defendant filed the instant Motion, renewing his motion for acquittal.

### III.   DISCUSSION

As stated, a jury returned a guilty verdict against Mr. Teerlink on Count One, False Statement During Acquisition of a Firearm in a violation of 18 U.S.C. § 922(a)(6). To survive a motion for acquittal, the government must have presented sufficient evidence that (1) the

5

defendant made a false statement while acquiring a firearm from a licensed dealer; (2) the defendant knew the statement was false; and (3) the statement was intended to or was likely to deceive about a material fact, *i.e.*, one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

The parties stipulated that the Defendant had previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; the Scheels retail store in Sandy, Utah, is a "licensed dealer" (Federal Firearms Licensee) under federal law; and the Ruger Precision .338 Lapua rifle is a "firearm" under federal law.

Mr. Teerlink argues that the government failed to show, beyond a reasonable doubt, that he knew his representation that he was not a felon, made on ATF form 4473 while purchasing a firearm on March 12, 2021, was false. Mr. Teerlink asserts that "even taking the evidence in the light most favorable to the government, the available, reasonable inferences are insufficient to support the jury's verdict,"[8] particularly because the government provided "no evidence on Mr. Teerlink's understanding of the 402-reduction process or whether he understood that he was a felon in 2021."[9]

For the reasons previously explained in the Court's March 30 Order, the documentary and testimony evidence described above provides sufficient evidence from which a jury could conclude that Mr. Teerlink knowingly made a false statement on ATF form 4473 to purchase a firearm from Scheels on March 12, 2021, despite being legally prohibited from doing so. The jury could reasonably conclude that Mr. Teerlink made a false statement because the parties stipulated he was a felon at the time he applied for a firearm on March 12, 2021, and there is no

---

[8] Docket No. 71, at 9.

[9] *Id.*

6

dispute he marked "no" on ATF form 4473 when asked if he had ever been convicted of a felony. The jury could reasonably conclude that Mr. Teerlink knew his statement was false because the government presented evidence that he was told by a judge that his conviction was for a third-degree felony, he pleaded guilty to the felony charge, and the court docket for his felony conviction never formally or officially recorded a reduction from a felony to a misdemeanor. Additionally, Mr. Teerlink's probation officers testified that they would have informed him of the offense level of his conviction and would not have told Mr. Teerlink that his felony conviction had been reduced to a misdemeanor.

Contrary to Mr. Teerlink's assertion that the government presented no evidence regarding his understanding of the 402-reduction process, Mr. Stewart testified that, although he did not remember specific discussions with Mr. Teerlink, he would have accurately explained the 402-reduction process and any additional steps Mr. Teerlink needed to take to get his felony reduced to a misdemeanor.

Lastly, the jury could reasonably conclude Mr. Teerlink's statement was intended to deceive because the firearm dealers testified that they automatically reject purchasers who indicate on ATF form 4473 that they have been previously convicted of a felony. Mr. Teerlink also testified that he knew felons may not legally acquire firearms, which is why he sought legal representation from Mr. Stewart in his 2015 DUI case.

Mr. Teerlink makes a strong argument that the jury could have inferred that he was merely mistaken as to the 402-reduction process after he successfully completed probation, and genuinely believed he was not a felon at the time of his attempted purchase on March 12, 2021. However, the Court's inquiry at this stage is not which narrative the jury should have believed, or which evidence is stronger, but whether the government presented sufficient evidence to sustain a conviction. The Court finds the government has met its burden to present sufficient evidence as

to each element brought in Count One of the Indictment. Therefore, the Court must defer to the jury's verdict.

Mr. Teerlink also argues that Jury Instruction No. 30 may have "tripped up the jury" by effectively reducing the government's burden of proof "from knowledge to recklessness or negligence."[10] Mr. Teerlink asserts that presenting this instruction to the jury "reduced the government's burden of proof to something less than beyond a reasonable doubt in violation of the Sixth Amendment, while improperly shifting the burden of proof to Mr. Teerlink."[11] The Court disagrees with this assertion and notes that Mr. Teerlink stipulated to the use of this instruction before trial.[12] The appropriate time to deal with Mr. Teerlink's concern for this instruction was before it was read to the jury. Nonetheless, the Court finds this instruction was properly included for the reasons listed below.

The instruction provided to the jury, known as a deliberate ignorance instruction, reads:

> When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless you find that the defendant did not actually believe the fact in question.

The plain language of the jury instruction notified jurors that "knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish."[13] This distinguishes the instruction in this case from instances in which

---

[10] *Id.* at 13–14 (quoting *United States v. Little*, 829 F.3d 1177, 1185 (10th Cir. 2016)).

[11] *Id.* at 14.

[12] Docket No. 45, at 47.

[13] *See United States v. Espinoza*, 244 F.3d 1234, 1244 (10th Cir. 2001) (finding no risk that defendant was "convicted for having engaged in merely negligent behavior" where the court

8

instruction language has improperly "impl[ied] an objective standard that possibly could lead a jury to conclude that the proper standard for conviction was negligence."[14] Taken as a whole, the instruction does not imply that negligence or mistake is enough to support a conviction. Therefore, the Court concludes that the instruction neither shifted the burden of proof nor allowed the jury to convict Mr. Teerlink based on a negligence or reckless standard.

The Tenth Circuit has cautioned that "the use of a deliberate ignorance instruction 'is rarely appropriate . . . because it is a rare occasion when the prosecution can present evidence that the defendant deliberately avoided knowledge.'"[15] Such an instruction is appropriate "only when the prosecution presents evidence that the Defendant purposely contrived to avoid learning all the facts in order to have a defense in the event of a subsequent prosecution."[16] In presenting sufficient evidence to show "deliberate ignorance, the Government is entitled to rely on circumstantial evidence and the benefit of the favorable inferences to be drawn therefrom . . . [to] establish that a defendant had *subjective* knowledge of his criminal behavior."[17]

---

explicitly instructed the jury not convict "based only on negligence"); *United States v. Concha*, 233 F.3d 1249, 1253 (10th Cir. 2000) (holding there was no risk of a conviction based on negligence because "the challenged instruction explicitly instructed the jury that neither mistake nor negligence was sufficient to support a conviction"); *United States v. Fingado*, 934 F.2d 1163, 1167 (10th Cir. 1991) (rejecting argument that jury instruction improperly led to conviction on sole ground that defendant should have known his conduct was illegal because the trial court "expressly directed the jury not to convict for negligence or mistake").

[14] *United States v. Sasser*, 974 F.2d 1544, 1552–53 (10th Cir. 1992) (finding no possibility that the jury assumed a negligence standard where the instruction "specifically employed a subjective standard—'that a defendant deliberately closed his eyes to what would otherwise have been obvious to him.'").

[15] *United States v. Hanzlicek*, 187 F.3d 1228, 1233 (10th Cir.1999) (quoting *United States v. Hilliard*, 31 F.3d 1509, 1514 (10th Cir. 1994)).

[16] *Espinoza*, 244 F.3d at 1242 (quoting *Hanzlicek*, 187 F.3d at 1233).

[17] *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) ("A deliberate ignorance instruction is appropriate when a defendant denies knowledge of an operant fact but the evidence, direct or circumstantial, shows that defendant engaged in deliberate acts to avoid actual knowledge of that operant fact.").

Viewed in a light most favorable to the government, the evidence in this case, considered in its entirety, supports the inference that Defendant acted to deliberately avoid knowledge of his continued felon status. When Mr. Teerlink successfully completed his probation, he filed no document with the court, neither did he inquire with his probation officers or previous attorney to learn whether he qualified for a 402 reduction. Indeed, Mr. Maddox testified that he would have told Mr. Teerlink that he was on felony probation and Mr. Hanna testified that he refers probationers to their attorneys if they inquire about offense-level reductions. Mr. Teerlink pleaded guilty to a felony offense and terminated his representation with his attorney directly after his sentencing and prior to receiving an offense-level reduction. Mr. Teerlink's alleged statement—that he did not "possess" any firearms, despite having recently purchased the Ruger Precision .338 Lapua rifle from Scheels—during his phone call with Ms. Marshall Walton, viewed in a light most favorable to the Government, also gives rise to an inference of his subjective knowledge of his criminal behavior. The jury might reasonably infer from Mr. Teerlink's statement that he knew it was unlawful for him to possess firearms at the time he made the statement.

In light of the direct and circumstantial evidence, the Court concludes that the prosecution adduced sufficient evidence to support the deliberate ignorance instruction.

Based on the evidence presented by the government described above, the government has presented sufficient evidence to support a conviction for Count One. Therefore, the Court denies Defendant's Motion.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Renewed Motion for Judgment of Acquittal (Docket No. 71) is DENIED.

DATED this 11th day of May, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge